UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MALIK BEY,

          Petitioner,                    Case No. 1:24-cv-289

v.                                          Honorable Jane M. Beckering

IONIA COUNTY COURT et al.,

          Respondents.

_____/

## **OPINION**

Petitioner Malik Bey is an individual currently pending sentencing in the Ionia County Circuit Court.[1] He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, suggesting that his criminal prosecution violates his constitutional rights. (Pet., ECF No. 1.)[2] This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) and for preliminary review.

---

[1] Petitioner references Ionia County Circuit Court case number 2023-18766 on the first page of his petition. (Pet., ECF No. 1, PageID.1.) The public docket for that case number indicates that Petitioner was charged, under the name Milton Hensley, with carrying a concealed weapon, assault with a dangerous weapon, and felony-firearm. *See* https://micourt.courts.michigan.gov/case-search/court/C08~1 (under "Case Number," type "2023" for "Year," type "18766" for "Case Number," select "Search," then select the link for Case ID "2023-18766-FH" to see the details of Petitioner's criminal proceedings) (last visited Apr. 17, 2024). The docket reflects that Petitioner was found guilty of all three charges at a bench trial that was held on January 8, 2024. Exhibits Petitioner has submitted indicate that he was supposed to be sentenced on March 19, 2024, but that he did not appear because he called and "was told [he] was not in the system for today." (ECF No. 4-22, PageID.82–85.) The public docket reflects that Petitioner's sentencing was rescheduled for April 16, 2024, but that he failed to appear for that hearing.

[2] As noted *supra* in footnote 1, Petitioner has not yet been sentenced. When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. However, prior to sentencing, Petitioner is not in custody pursuant to a judgment of state court. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[3] The Court is required to conduct this initial review prior to the service of the petition. *See* Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice on grounds of abstention.

## Discussion

### I.  Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis* (ECF No. 2).

### II.  Factual Allegations

As noted in footnote 1, Petitioner is currently pending sentencing after being found guilty, following a bench trial, of carrying a concealed weapon, assault with a dangerous weapon, and felony-firearm. Petitioner has now filed what he calls an "Emergency Petition for Constitutional

---

in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction and the imposition of sentence" (emphasis added)). Therefore, at the time that Petitioner filed his petition, and at the present time (i.e., prior to sentencing), Petitioner's challenge to the constitutionality of his criminal proceedings must be brought under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

Writ of Habeas Corpus Affidavit in Support and Demand for Due Process of Law." (Pet., ECF No. 1.)

Petitioner refers to himself as a Moorish-American who is a member of the Moorish Science Temple of America. (*Id.*, PageID.2.) As a Moorish-American, Petitioner adheres to the "Moorish Science Temple of America Divine Constitution and By-Laws, and Zodiac Constitution (Nature's Law) with all due respect and honors given to the Constitution for the United States Republic of North America (Amexem)." (*Id.*) Petitioner suggests that as a Moor, he is one of the "true possessors of the Moroccan Empire." (*Id.*) It appears that Petitioner believes that he is not subject to prosecution by the circuit court because of his status as a Moorish-American.

### III. Discussion

Because Petitioner's criminal prosecution is ongoing, the Court will abstain from addressing Petitioner's claim under the principles enumerated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44; *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors supporting *Younger* abstention are present here. As noted above, Petitioner's criminal proceedings are ongoing, as he is awaiting sentencing. Moreover, state criminal proceedings involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Petitioner from presenting legitimate federal constitutional claims in the pending state court proceedings. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). If Petitioner raises federal constitutional claims in the trial court, and that court denies or otherwise fails to consider those claims, he may exercise his right to an appeal under Michigan law.

Abstention is appropriate unless one of the three exceptions to the *Younger* abstention doctrine apples. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

None of the circumstances that might permit Petitioner to avoid the *Younger* abstention bar are present here. Although Petitioner's argument might be construed to contend that his prosecution is in bad faith because he is a Moorish-American citizen, his allegations fail to meet

5

the narrow exception set forth in *Huffman*. With regard to that exception, the Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)); *see also, e.g.*, *McNatt[ v. Texas]*, 37 F.3d 629 [(5th Cir. 1994)] (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). The facts Petitioner alleges with regard to his Moorish-American sovereign citizen claim do not show that he has suffered harassment by repeated prosecutions, nor do they show that the prosecuting officials have no intention of following through on the prosecution. Therefore, Petitioner has failed to establish that the first exception is applicable.

Petitioner does not challenge the constitutionality of the statutes he has been found guilty of violating. Thus, the second exception does not apply.

Finally, the only challenge Petitioner raises here has repeatedly been found to be frivolous. *See, e.g., Jackson-El v. State & Fed. Plaintiffs in Gen.*, No. 1:11-cv-278, 2011 WL 1584606, at *1–2 (W.D. Mich. Apr. 26, 2011) (rejecting as frivolous defendant's notion that courts lack jurisdiction to prosecute him because of his status as a Moorish American national (citing *United States v. Burris*, 231 F. App'x 281, 281 (4th Cir. 2007))); *United States v. Toader,* Nos. 09–3787 & 09–4100, 2010 WL 4780362, at *3 (7th Cir. Nov. 24, 2010) (per curiam) ("Borlea argues that the federal courts lack subject matter jurisdiction over him because he is a Native Asiatic Moorish National Citizen. This argument is frivolous.")); *see also Bey v. City of Delaware*, No. 2:19-cv-3582, 2019 WL 3936711, at *2 (S.D. Ohio Aug. 20, 2019) (citing cases for the proposition that claims that Moorish Americans are immune from prosecution are irrational and frivolous); *Ward-*

6

*El v. Barrett*, No. 12-14282, 2012 WL 5929928, at *4 (E.D. Mich. Nov. 27, 2012) (holding that Moorish American National's claim that the state court lacked jurisdiction to adjudicate his trial was meritless). "Even if Petitioner identifies as a Moorish citizen, "he has a duty to conform to the laws of the United States while residing here." *Osiris v. Brown*, No. 05-3300, 2006 WL 208566, at *1 (D.N.J. Jan. 24, 2006). Overall, "Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence." *Allah El v. Dist. Att'y for Bronx Cnty.*, No. 09-8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009). Petitioner, therefore, cannot demonstrate the third exception: an extraordinarily pressing need for immediate federal equitable relief.

For the reasons set forth above, the *Younger* abstention doctrine applies here. Accordingly, the Court will dismiss Petitioner's petition without prejudice. So long as Petitioner's criminal proceedings remain pending in state court, the Court will not review his § 2241 petition.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Under *Slack v. McDaniel*, 529 U.S. 473 (2000), to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that reasonable jurists could not find it debatable or wrong whether Petitioner's petition should be dismissed on the basis of *Younger* abstention. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment granting Petitioner's motion for leave to proceed *in forma pauperis*, dismissing the petition without prejudice on grounds of abstention, and denying a certificate of appealability.

Dated:   April 25, 2024                              /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge